UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT JONES,

    Plaintiff,

v.                                              Case No: 8:23-cv-1461-CEH-AAS

THE LAMAR COMPANY, L.L.C.,
LAMAR ADVERTISING, LAMAR
ADVERTISING COMPANY, THE
LAMAR COMPANIES and LAMAR
MEDIA CORPORATION,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court on the Plaintiff Robert Jones' Motion for Injunction against Defendants under Federal Rule of Civil Procedure 65 (Doc. 31). In the motion, Plaintiff requests entry of an injunction precluding Defendants from "use of fraudulent misrepresentation of material fact against Plaintiff." Defendants filed a response in opposition. Doc. 35. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion for Injunction against Defendants under Federal Rule of Civil Procedure 65.

**DISCUSSION**

    On July 3, 2023, Plaintiff Robert Jones, proceeding *pro se*, filed a Complaint for Violation of his Civil Rights against Defendant Lamar Company, L.L.C. Doc. 1. On August 11, 2023, Plaintiff filed an Amended Complaint against Lamar Advertising,

Lamar Advertising Company, The Lamar Companies, and the Lamar Company, L.L.C. for allegedly filing fraudulent real estate documents against Plaintiff in violation of Florida Statutes. Doc. 7. After Defendants sought an extension of time to respond to the Amended Complaint but before filing a response, Plaintiff filed a pleading titled "First Amended Complaint" (Doc. 12) although it was the second amended complaint that Plaintiff filed with neither leave of court, nor consent of Defendants. Thereafter, Defendants filed motions to dismiss the complaints (Doc. 18, 19) and a Motion for the Court to Take Judicial Notice of the protracted litigation between Plaintiff and Defendants in the state court system. Doc. 17. Plaintiff then filed multiple motions to amend (Docs. 21, 28), which Defendants oppose (Doc. 27, 29).

Now before the Court is Plaintiff's motion seeking injunctive relief. Although titled a "Motion for Injunction Against Defendants Under Federal Rule of Civil Procedure 65," Plaintiff's request for injunctive relief does not comply with the procedural requirements of the Federal Rules or the Local Rules of this Court.

The requirements for a preliminary injunction under the Local Rules are the same for a motion for temporary restraining order except the motion should include "Preliminary Injunction" in the title, must attach each paper on which the movant relies, and the movant is required to provide notice to each affected person as soon as practical. *See* M.D. Fla. L.R. 6.02.

Middle District of Florida Local Rule 6.01 sets forth the requirements for a party seeking a temporary restraining order or preliminary injunction. A party seeking injunctive relief must file a motion with a supporting legal memorandum and a

proposed order. M.D. Fla. Local Rule 6.01(a). The legal memorandum must establish "(1) the likelihood that the movant ultimately will prevail on the merits of the claim, (2) the irreparable nature of the threatened injury and the reason that notice is impractical, (3) the harm that might result absent a restraining order, and (4) the nature and extent of any public interest affected." M.D. Fla. L.R. 6.01(b). *See also Forsyth Cty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (holding that party seeking entry of a preliminary injunction must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest).

"A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *Am. C.L. Union of Fla., Inc. v. Miami-Dade Cty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (citation omitted). The entry of a preliminary injunction is "the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion." *Siegel v. LePore*, 234 F.3d 1163, 1179 (11th Cir. 2000) (quoting *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).

In his motion, Plaintiff argues that he has a pending state court case involving the same Defendants in which Defendants are using a 2016 contract against him. Plaintiff denies he signed the 2016 contract, nor that he is bound by it. He claims he recorded a Quitclaim deed in 2021 to clear up any confusion regarding ownership of

the property and to support his ownership position. Plaintiff complains that Defendants have caused him to incur significant damages due to their fraudulent misrepresentations in State court. He argues that Defendants cannot continue defrauding the Circuit Court and County Court. He attaches to his motion a State court order dated June 17, 2022, ruling against him in the case of *Tichinia and Robert Jones v. Lamar Company, LLC*, Case Nos. 17-CC-012407, 17-CC-026201, in the County Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. Doc. 31 at 4–6.

Procedurally and substantively, Plaintiff's motion is defective. The motion does not include a memorandum of law that sets forth the requirements for a preliminary injunction, nor does it include a proposed order. *See* M.D. Fla. L.R. 6.01, 6.02. Even a liberal reading of the *pro se* motion[1] fails to demonstrate that Plaintiff is likely to be successful on the merits or that a substantial threat of irreparable injury would occur if the injunction is not granted. Further, there is no information at all as to whether, if issued, the injunction would be adverse to the public interest or how the purported threatened injury compares to the damage caused to the opposing party if the injunction issues.

---

[1] Pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994). To the extent Plaintiff intends to represent himself in this matter, he should familiarize himself with both the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida. Additionally, Plaintiff is also encouraged to consult the "Litigants Without Lawyer" guidelines on the Court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion for Injunction against Defendants under Federal Rule of Civil Procedure 65 (Doc. 31) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 15, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Plaintiff Robert Jones, *pro se*